**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dead Season LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>John or Jane Doe 1 or Black and White Company 1 with IP address: aka Computer, IP Address No. 67.1.190.106, et al.,<br><br>Defendants. | No. CV-13-00592-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff Dead Season LLC's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference. (Doc. 7.) The Court grants the Motion for the reasons and in the manner described below.

## BACKGROUND[1]

Plaintiff owns the copyright to a movie, Dead Season. (Doc. 1 at 2–3.) Plaintiff enlisted the assistance of a third-party firm, Crystal Bay Corporation ("CBC"), to monitor copyright infringement of its movie on a peer-to-peer file sharing network called BitTorrent. An unauthorized copy of Dead Season (the "Video") was made available by a user on BitTorrent. (*Id.* at 4–5, 11.) CBC obtained the internet protocol ("IP") addresses of and the time and date when several BitTorrent users participated in a group (known as a "swarm") that shared the Video and enabled others to download it. (Doc. 1-B at 4–5.)

---

[1] The Court takes as true the allegations contained in Plaintiff's Complaint at this stage of the litigation. *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).

CBC was able to gather data on infringing users by tracking the activity on a particular "hash" value, a unique number linked to the Video. (*Id.* at 7.) The 15 Doe Defendants named in the Complaint refer to those users that participated in the swarm over a period of two months. (Doc. 1-A.) After collecting the user data, Plaintiff brought this action. Plaintiff brings five claims against Defendants, including claims for: (1) copyright infringement through the reproduction of the film, (2) copyright infringement through the distribution of the film; (3) contributory infringement, (4) civil conspiracy, and (5) negligence. (Doc. 1 at 14–17.)

CBC obtained the IP addresses and determined the regional location of the BitTorrent users in the swarm at the time of infringement as various cities in Arizona. (Doc. 1-B at 7–8.) IP addresses, by themselves, do not reveal identifying information of the users unless they are corroborated with subscribers lists maintained by internet service providers ("ISPs") that provide service to those users. (*Id.* at 7.) Because Plaintiff thus far has only the IP addresses, it moves for leave to take expedited discovery prior to the Rule 26(f) conference so that it may discover the identities of the Doe Defendants. (Doc. 7.) Plaintiff requests this Court to issue subpoenas to the ISPs requiring them to identify the subscribers associated with the IP addresses. (*Id.*)

**DISCUSSION**

**I.   JOINDER**

One issue raised in the interaction between the Court and Plaintiff's counsel at a hearing held on May 31, 2013, is whether all 15 Defendants were properly joined to this single action. Fed. R. Civ. P. 20(a)(2) states that defendants may be joined in one action as defendants if: "(a) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (b) any question of law or fact common to all defendants will arise in the action."

Plaintiff's alleges that each Defendant participated in a civil conspiracy to infringe

Plaintiff's copyright by participating in the same BitTorrent swarm, identified by a unique hash value, by which each Defendant both downloaded and enabled the distribution of the Video. These allegations are sufficient to determine, at this stage, that the Defendants are properly joined as they are implicated in this "chain" conspiracy to infringe on Plaintiff's Video.

The issue of damages, however, raises serious questions about the appropriateness of permissive joinder. At the hearing, Plaintiff's counsel indicated that Plaintiff may seek separate damage awards against each Defendant individually. Nevertheless, Plaintiff may not pursue actual damages against some Defendants and statutory damages against other Defendants while maintaining all Defendants as parties to the same suit. 17 U.S.C. § 504's provision allowing the copyright owner to choose between actual and statutory damages applies the owner's choice to "all infringements involved in the action." If Plaintiff wishes to make separate elections, then it must bring separate lawsuits, or at the least, separate claims in which it does not pursue its current theory of joint and several liability. *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284, 294 (9th Cir. 1997) *rev'd on other grounds sub nom. Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998) (holding that when statutory damages are assessed against a group of defendants held to be jointly and severally liable, "each work infringed may form the basis of only one award, regardless of the number of separate infringements of that work"). If Plaintiff does not wish to proceed on a theory of joint and several liability, then the rationale for allowing permissive joinder in this case is seriously undermined.

At the hearing on June 14, 2013 counsel represented to this Court that, while Plaintiff reserved the right to make an election between actual or statutory damages as against the Defendants at a later date, when it did so, it recognized the requirement that it seek the same remedy against all Defendants in this action.

It is true that Arizona has a broad definition of civil conspiracy. *See Dawson v.*

*Withycombe*, 216 Ariz. 84, 103, 163 P.3d 1034, 1053 (Ct. App. 2007). However, some courts have expressed doubt that, even if a plaintiff alleges civil conspiracy and all defendants participated in a single swarm, this is sufficient to allege that the defendants acted in concert. *See, e.g.*, *Hard Drive Prod., Inc. v. Does 1–188*, 809 F. Supp. 2d 1150, 1164 (N.D. Cal. 2011); *Boy Racer v. Does 2–52*, No. C 11-02834 LHK PSG, 2011 WL 10637490 at *3 (N.D. Cal. Aug. 5, 2011). Further, Rule 20(a)'s purpose of "promoting judicial economy and trial convenience" would not be served by allowing the number of defendants in this case because the ensuing discovery and variety of defenses could prove unwieldy for a single court. *Hard Drive Prod.*, 809 F. Supp. 2d at 1164 (citing *Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229, 232–33 (M.D. Tenn. 2001)); *see BMG Music v. Does 1–203*, 2004 WL 953888 at *1 (E.D. Penn. Apr. 2, 2004) (noting that different defenses would create "scores of mini-trials involving different evidence and testimony").

Finally, joinder of numerous defendants in a single case may cause them prejudice. Court proceedings would be hampered as each defendant would have the opportunity to be present with his or her attorney. Though defendants may have nothing in common other than their participation in a single BitTorrent swarm, they would be required to serve every other defendant with all pleadings. In addition, each defendant would have the right to be present at all other defendants' depositions. *Hard Drive Prod.*, 809 F. Supp. 2d at 1164. The combination of these hardships could make conducting litigation difficult for individual defendants.

Nevertheless, because Plaintiff has alleged that Defendants participated in a single BitTorrent swarm to infringe on the Video, the Court defers the ruling on the joinder issue to a later date, with the exception of the election of damages theory. The above concerns cannot be addressed without further development of the record. While the Court will not sever the claims against individual Defendants at this time, a future inquiry will be conducted into the significant question of whether joinder of all [15/47/117]

Defendants is appropriate in this single proceeding.

## II. RELEVANCE OF REQUESTED DISCOVERY

Plaintiff alleges that Defendants participated in a BitTorrent "swarm" that infringed on Plaintiff's Video. Due to the nature of the BitTorrent technology, a number of users participating in the swarm had the ability to copy the Video while at the same time facilitating the copying of the Video by others in the swarm, who then obtained their own complete but infringing copy of the copyrighted work. Plaintiff asserts claims against Defendants of copyright infringement, contributory infringement, civil conspiracy, and negligence against all Defendants.

Plaintiff has the IP addresses of the computers that it alleges were part of the swarm in which Defendants participated. It does not, however, have the identity of the persons using the IP addresses participating in the swarm. It seeks to have this Court issue subpoenas to ISPs to identify the subscriber associated with each IP address, to assist in ascertaining, if possible, the user of the IP address during the swarm. Plaintiff contends that the personally identifying information is necessary to (1) establish Defendants' liability for contributory infringement and civil conspiracy, and (2) to ascertain the extent of the damages caused by the infringement to which Defendants contributed and the conspiracy in which they participated.

The scope of applicable discovery is generally whether such discovery "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Whether something is admissible or not is determined by the nature of the underlying claims. One of the claims pursuant to which the Plaintiff seeks the discovery is a state cause of action for civil conspiracy. Arizona recognizes the tort of civil conspiracy. "To establish liability on the basis of conspiracy, a plaintiff must show by clear and convincing evidence that the defendant and at least one other person agreed to accomplish an unlawful purpose or a lawful purpose by unlawful means, and accomplish the underlying tort, which in turn caused damages." *Dawson*, 216 Ariz. at 103 (citing

*Wells Fargo Bank v. Arizona Laborers, Teamsters*, 201 Ariz. 474, 498–99, ¶¶ 99–100, 38 P.3d 12, 36–37 (2002)). "The conspiratorial agreement need not be express; it may be implied by the tortious conduct itself." *Id.* (citing Restatement (Second) of Torts § 876 cmt. a (1979)). Thus "[a] conspiracy may be established by circumstantial evidence through the nature of the acts, the relationship of the parties, the interests of the conspirators, or other circumstances. *Dawson*, 163 P.3d at 1053 (*citing Mohave Elec. Co-op., Inc. v. Byers*, 189 Ariz. 292, 306, 942 P.2d 451, 465 (Ct. App. 1997)). The damage for which recovery may be had in a civil action for conspiracy "is not the conspiracy itself but the injury to the plaintiff produced by specific overt acts." *Tovrea Land and Cattle Co. v. Linsenmeyer*, 100 Ariz. 107, 131, 412 P.2d 47, 63 (1966).

To the extent that Defendants' alleged participation in the BitTorrent swarm may have resulted in the distribution of the Video, Plaintiff, at least at this stage of the litigation, is reasonably seeking the discovery of admissible evidence. Under Arizona law, by sufficiently alleging Defendants' participation in a civil conspiracy, Plaintiff establishes its right to recover from the damages that resulted from the overt acts in which the conspiracy engaged, whether or not Defendants were aware of the total scope of other persons participating in the conspiracy.

The Court therefore finds that some of the personally identifying formation possessed by the ISPs concerning the subscribers associated with the IP addresses that participated in the BitTorrent swarm is discoverable. However, there must be good cause to authorize the expedited discovery of relevant information.

## III.   GOOD CAUSE FOR EXPEDITED DISCOVERY

Rule 26(d) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." A court may authorize expedited discovery to proceed before service to defendants if it finds that there is good cause to do so. "Good cause may

be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

Some limiting principals should apply to the determination of whether discovery to uncover the identity of a defendant is warranted to ensure that "the plaintiff has in good faith exhausted traditional avenues for identifying a civil defendant pre-service, and will prevent use of this method to harass or intimidate." *Columbia Ins. Co. v. seescandy.com,* 185 F.R.D. 573, 578 (N.D. Cal. 1999). The Court will consider whether Plaintiff: (1) can identify the missing party with sufficient specificity that the Court can determine that Defendants are real persons or entities that could be sued in federal court; (2) has identified all previous steps taken to locate the elusive defendant; (3) can establish that its suit against Defendants could withstand a motion to dismiss; and (4) has shown that there is a reasonable likelihood that expedited discovery will lead to identifying information about Defendants that would make service of process possible. *Id.* at 578–80.

### A.   Identification of Missing Parties

This requirement to identify the missing parties with specificity is necessary to ensure that federal requirements of jurisdiction and justiciability can be satisfied. *Id.* at 578. On behalf of Plaintiff, CBC gathered IP addresses associated with users who allegedly employed BitTorrent to share, copy, reproduce, and/or distribute the Video. CBC was able to identify a swarm of users because they all connected to a seed of the Video, which has a unique hash value. Attached to the Complaint is a list containing the [15/47/117] unique IP addresses of the users and names of the ISPs that provided service to users at the time of the alleged infringement. (Doc. 1-A.) Plaintiff has provided also the date and time of the infringement, which is important because IP addresses may rotate or vary as to one subscriber across time. (*Id.*) This information will enable the ISPs to provide the names and addresses of the individuals or entities that potentially infringed upon the Video by referring to subscriber activity logs that ISPs maintain in the ordinary

course of business. Plaintiff has thus sufficiently identified the Doe Defendants in a way that the Court can determine that they are real persons or entities that could be sued in federal court.

### B.  Steps Taken to Locate Defendants

Plaintiff alleges that it has obtained each Doe Defendant's IP address, the date of time of infringing activities, has traced the IP addresses to their associated ISPs and to Arizona, and has made copies of the Video that each Defendant allegedly distributed through the BitTorrent network. (Doc. 7 at 17.) In his declaration, the software consultant retained by CBC that identified the IP addresses, Darren Griffin, states that only the ISP to which IP addresses have been assigned for use by its subscribers can correlate an IP address to a particular subscriber. (Doc. 1, Griffin Decl. ¶ 20.) BitTorrent does not allow Plaintiff to access each Doe Defendant's computer to obtain identifying information. The Court finds that Plaintiff has taken all possible steps to identify and locate Defendants and that without expedited discovery as to the information maintained by the ISPs, Plaintiff would not be able to serve Defendants. This factor is satisfied.

### C.  Prima Facie Case

This requirement that the Court find the Complaint would withstand a motion to dismiss is "to prevent abuse of this extraordinary application of the discovery process and to ensure that plaintiff has standing to pursue an action against defendant." *seescandy.com*, 185 F.R.D. at 579–80. Because Plaintiff claims copyright infringement, it must show: "(1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." *Ellison v. Robertson,* 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. § 501(a)).

Plaintiff has alleged that it is the lawful owner of the copyright in the Video. (Doc. 1 ¶ 2; Doc. 1-D, Copyright Assignment.) Plaintiff has further alleged that each Defendant used the BitTorrent network to violate Plaintiff's copyright by sharing, downloading, and distributing the Video without Plaintiff's authorization. (Doc. 1 ¶ 3.) Plaintiff asserts that

- 8 -

it identified the infringement by tracing the listed IP addresses to the unique hash value associated with the illicit copy or seed of the Video. Plaintiff has made a prima facie for copyright infringement. Thus, the Complaint would withstand a motion to dismiss.[2] For the reasons further stated above, the Court finds that Plaintiff has stated a prima facie claim for the existence of a conspiracy under Arizona law.

### D.   Reasonable Likelihood of Identification

This factor examines whether Plaintiff has demonstrated that expedited discovery will lead to identifying information about Defendants to allow service of process. Plaintiff contends that providing the 15 listed IP addresses to the corresponding ISPs will enable the ISPs to provide Plaintiff with the name, address, e-mail address, phone number, and Media Access Control number of the subscriber. (Doc. 1, Griffin Decl. ¶ 19.) ISPs maintain such information relating to each IP address for a short period of time. (*Id.*) Plaintiff intends to use that information to formally name on the Complaint and place on notice of this suit each Defendant. (Doc. 7 at 20.) Plaintiff has made a sufficient showing to satisfy this factor.

Plaintiff has frankly avowed to the Court that it seeks to identify the subscribers whose computers participated in the BitTorrent swarm to, if appropriate, bring claims against them. In certain circumstances, such use of information might constitute an abuse. Nevertheless, at this point, it appears that discovering the identity of the subscriber of the computer used during the swarm is reasonably calculated to lead to the discovery of the identity of the participants in the swarm. In his order in *Ingenuity 13 LLC v. John Doe*, 2013 WL 1898633 at *3 (C. D. Cal. May 6, 2013), in discussing investigations that should have proceeded before naming someone as a party defendant, Judge Wright notes that "Plaintiffs can only show that someone, using an IP address

---

[2] Because Plaintiff has sufficiently pled a copyright infringement claim, the Court need not determine the ability of Plaintiff's civil conspiracy or other claims to withstand a motion to dismiss at this juncture. *OpenMind Solutions, Inc. v. Does 1-39*, C 11-3311 MEJ, 2011 WL 4715200 *4 (N.D. Cal. Oct. 7, 2011); *see Third Degree Films, Inc. v. Does 1-178*, C 12-3858 MEJ, 2012 WL 3763649 *3 (N.D. Cal. Aug. 29, 2012).

belonging to the subscriber, was seen online in a torrent swarm. But Plaintiffs did not conduct a sufficient investigation to determine whether that person actually downloaded enough data (or even anything at all) to produce a viewable video. Further, Plaintiffs cannot conclude whether that person spoofed the IP address, is the subscriber of that IP address, or is someone else using that subscriber's Internet access."

It is not clear to this Court how Plaintiff can discover this information without, as a first step, identifying the subscriber to the IP address and making appropriate inquiries, and it appears to this Court that, at least in these cases, the Complaint has stated sufficient facts to believe that it is at least "plausible" that the subscriber to the IP address participated in the downloading. To the extent that Plaintiff seeks to identify other persons who participated in the BitTorrent swarm to determine whether Defendants engaged in a conspiracy, and the extent of damage that it suffered from such conspiracy, it can engage in discovery reasonably calculated to determine these questions. To deny Plaintiff discovery at this early point prevents it from obtaining the discovery to which it is otherwise entitled to attempt to make its conspiracy case which it has fairly pleaded under Arizona law. It would further result in the potential blanket exoneration of others who may have infringed on Plaintiff's copyright.

## CONCLUSION

The Court finds that expedited discovery is warranted in this case as to the 15 listed IP addresses identified by Plaintiff during its investigation of copyright infringement of its Video on the BitTorrent system. Such discovery will assist Plaintiff in obtaining the identifying information it seeks, to serve and name the Doe Defendants. However, in consideration of potential "prejudice to the responding party" from authorizing such discovery, *Semitool*, 208 F.R.D. at 276, certain protections for Defendants are necessary. It is possible that Defendants may have jurisdictional and joinder defenses, and that this discovery may lead to Plaintiff obtaining information about innocent users. There is an additional concern that Plaintiff may use the identifying

information to contact Defendants in an attempt to obtain early settlement before Defendants are fully aware of the nature of this suit and their rights.

With these considerations in mind, **IT IS THEREFORE ORDERED** that:

1. Any information disclosed to Plaintiff in response to the subpoena as described below may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights in this case. Plaintiffs may not release any identifying information to third parties or publicize it without an Order allowing such release.

2. Plaintiff must consult with the Court concerning its satisfaction of certain criteria before it contacts potential Defendants concerning its resolution of claims against them. At no time can Plaintiff mislead such potential Defendants by suggesting that it has no intent to bring such claims against them, unless it has decided to release such claims. Failure to comply with this order will result in possible sanctions against Plaintiff and/or its counsel.

3. Plaintiff has notified that it had filed two other actions pertaining to the same swarm at issue in this case, but that it has since voluntarily dismissed those actions. To the extent Plaintiff files new actions pertaining to the same swarm, Plaintiff is ordered to notify that court of the existence of this action, and must file an affidavit with this Court attesting to the same, so that duplicative processes do not occur.

**IT IS FURTHER ORDERED** that expedited discovery will proceed as follows:

1. Plaintiff may immediately serve subpoenas, pursuant to Fed. R. Civ. P. 45, on the requested ISPs to identify the subscribers of computers participating in the swarm as listed on Exhibit A, including their names, current addresses, telephone numbers, e-mail addresses, and Media Access Control addresses;

2. Within seven (7) calendar days after service of the subpoenas, the ISPs shall notify the subscribers that their identities are sought by Plaintiff and shall serve a copy of this Order with the attached Notice, and the Complaint on each subscriber. The ISPs shall preserve the information sought by Plaintiff in the subpoena.

3.     Each subscriber whose identity is sought may, within twenty-one (21) calendar days from the date of such notice, file documents with the Court that contest the subpoena. If that period elapses without the filing of a contesting motion, the ISPs shall have ten (10) days thereafter to produce the information responsive to the subpoena to Plaintiffs.

4.     If any of the ISPs wish to move to quash the subpoena issued to it, the ISP shall do so before the return date of the subpoena.

**IT IS FURTHER ORDERED** that fees and charges for the discovery will be reimbursed by Plaintiff to the ISPs as follows:

1.     Plaintiff shall provide the ISPs with sufficient copies of this Order, the attached Notice, and the Complaint in this action to be served on each subscriber when the subpoenas are served on each of them. Plaintiff shall reimburse the ISPs for all mailing fees and costs of production based on a billing summary and cost reports provided by the ISPs.

Dated this 19th day of July, 2013.

_/s/ A. Murray Snow_
/G. Murray Snow
United States District Judge

## COURT–DIRECTED NOTICE REGARDING ISSUANCE OF SUBPOENA

**A subpoena has been issued directing your Internet Service Provider ("ISP") to disclose your name.** The subpoena has been issued because you have been sued in the United States District Court for the District of Arizona, in Phoenix, Arizona as a "John Doe" by Plaintiff Dead Season, LLC. This is a civil, not a criminal, case. Plaintiff alleges that a computer with your internet protocol ("IP") address was involved in a BitTorrent swarm in which that computer downloaded an unauthorized copy of the movie Dead Season, a horror/sci-fi film to which Plaintiff holds the copyright. Plaintiff has thus far only been able to identify you as a "John Doe" and has served a subpoena on your ISP to learn your identity. This notice is intended to inform you of some of your rights and options.

Plaintiff alleges, but has not yet proved, that you are liable for infringing the copyright of its movie. It alleges that you infringed its copyright because you are the owner of the IP address that participated in the BitTorrent swarm which resulted in the infringement of the movie. Plaintiff also alleges that you may be jointly and severally liable for the infringements of others with whom you conspired to infringe the copyright of its movie by participating in the same BitTorrent swarm.

**YOUR NAME HAS NOT YET BEEN DISCLOSED. YOUR NAME WILL BE DISCLOSED IN 21 DAYS IF YOU DO NOT CHALLENGE THE SUBPOENA.**

Your name has not yet been disclosed. Plaintiff has given the Court enough information about your alleged infringement to obtain a subpoena to identify you as the owner of the IP address of a computer that participated in the BitTorrent swarm, but the Court has not yet decided either that you personally participated in the swarm or that you are liable for infringement. You can challenge in Court the subpoena that requests your identity. You have **21 days** from the date that you receive this notice to file a motion to quash or vacate the subpoena. If you file a motion to quash the subpoena, your identity will not be disclosed until the motion is resolved (and Plaintiff cannot proceed against you until you are identified).

If you, or an attorney representing you, do not file a motion to quash by the end of the 21-day period, your ISP will send Plaintiff your identification information. Plaintiff may contact you, but may *not* release your name to the public or a third party without a Court Order.

### OTHER ISSUES REGARDING THE LAWSUIT AGAINST YOU

**Challenging the subpoena:** To maintain a lawsuit against you in the District of Arizona, Plaintiff must establish jurisdiction over you in Arizona. If you do not live or work in Arizona, or visit the state regularly, you may be able to challenge the Arizona court's jurisdiction over you. If your challenge is successful, the case in Arizona will be dismissed, but Plaintiff may be able to file against you in another state where there is jurisdiction. Additionally, you can challenge "joinder," the fact that Plaintiff has sued 15 Defendants together, because Plaintiff must establish

that the alleged violations arose out of the same transaction, occurrence, or series of transactions and occurrences.

**Plaintiff must prove its claims against you:** Plaintiff has informed the Court that it seeks to discover your name to pursue its rights under the copyright laws. It is, therefore, possible that Plaintiff will assert that it has claims against you, or against someone who used your computer, in downloading its copyrighted movie. But, before getting damages from you in Court, Plaintiff would have to prove all of its claims against you personally. For example, a jury may determine that even though you are the owner of the IP address that participated in the BitTorrent swarm, you were not personally involved in the swarm. In such a case Plaintiff would not be able to get damages from you.

**Settlement:** It is also possible that Plaintiff will contact you to discuss the possibility of settling any claims it may have against you before adding you as a party to this lawsuit. Plaintiff has the right to propose such a settlement. The decision whether to participate in such discussions is entirely up to you.

**Damages:** If Plaintiff proves its case against you at trial, copyright law requires Plaintiff to elect between receiving either what are called (1) statutory damages or (2) actual damages against you. The statute requires Plaintiff to choose either actual or statutory damages for all persons in the same suit; in other words, Plaintiff may not choose to pursue one form of damages against you while pursuing another form of damages against another Defendant in the same suit.

**If Plaintiff elects statutory damages**, the Court may, in its discretion, award as little as $750 as total damages against all participants in a conspiracy to infringe a copyrighted movie, or as much as $30,000 for such infringement. That means, if Plaintiff proves its case against you, and if it elects statutory damages, the Court may hold you, and all other individuals that participated in the conspiracy with you together, liable to the Plaintiff for a total of as little as $750 and as much as $30,000 for all of the infringements that occurred as a result of the BitTorrent swarm in which your IP address allegedly participated. Plaintiff would only be entitled to recover the total amount awarded one time. It could recover some amount of the total award from among all participants, or it could recover the total amount from any single participant, who could then try to obtain contributions from other participants in the conspiracy.

In deciding the amount between $750 and $30,000 of statutory damages to award, the Court would consider, as one factor, that Plaintiff monitored the BitTorrent network to ascertain and bring claims against numerous users. The damages awarded may be limited to the extent that a considerable portion of the value of the copyright to Plaintiff comes from its strategic attempts to recover for copyright infringement. The Court, however, would also consider other evidence related to the extent and infringement of the copyright resulting from any infringing session.

**If, on the other hand, Plaintiff elects to recover actual damages**, the damages that it may recover are not limited to the amount between $750 and $30,000. It may recover either more or

less than that amount. Actual damages are usually measured by the loss Plaintiff suffered in the fair market value of its copyright due to the infringement. This is generally measured by what a willing buyer would have reasonably paid a willing seller for the movie or the value or profits that you or others with whom you conspired gained by using the movie. *Jarvis v. K2 Inc.*, 486 F.3d 526, 533–34 (9th Cir. 2007); *Wall Data Inc. v. Los Angeles Cnty. Sheriff's Dep't*, 447 F.3d 769, 786 (9th Cir. 2006). If Plaintiff successfully proves that you were involved in a civil conspiracy, it may also be able to recover against you not only the fair market value of its loss for your infringement of its movie and/or the profits you gained by using it, but the value or profits that others in your conspiracy gained by using the movie. You may wish to find your own lawyer (see resource list below) to help you evaluate whether it is in your interest to try to reach a settlement or to defend against the lawsuit.

**RESOURCE LIST AND REPRESENTATION**

This Resource List can assist you in locating an attorney, and lists other resources to help you determine how to respond to the subpoena. If you live in or near Arizona or Phoenix, the second listing below provide referrals for local attorneys. The third listing contains important information, such as the Local Rules, Contact Information and answers to Frequently Asked Questions.

You also have the right to represent yourself in federal court if you wish to do so. Should you choose to do so you will be responsible for following the Federal Rules of Civil Procedure, and the local rules of Civil Procedure, both of which can be found on the Court's website (http://www.azd.uscourts.gov/).

American Bar Association

http://www.abanet/org/legalservices/findlegalhelp/home.htm

Arizona Bar Association

http://www.azbar.org

The District of Arizona

www.azd.uscourts.gov/